THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DONALD GENE ROBINSON, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | NO. CIV-07-432-D |
| | ) | |
| WALTER DINWIDDIE, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**O R D E R**

Petitioner, a state prisoner appearing *pro se*, brought this action for habeas relief pursuant to 28 U. S. C. § 2254. He challenges his 2004 conviction of child abuse after former conviction of a felony based on the abuse of his eleven-year-old daughter. Pursuant to 28 U. S. C. § 636(b)(1)(B) and (C), the matter was referred to United States Magistrate Bana Roberts for initial proceedings. Respondent filed a response and amended response, and Petitioner filed a reply. The Magistrate Judge then filed a Report and Recommendation [Doc. No. 20] in which she recommended the Petition be denied. Because Petitioner timely filed an objection, the matter is reviewed *de novo.*

Petitioner's only basis for habeas relief is his contention that newly discovered evidence, in the form of an affidavit from the child victim recanting her trial testimony, "would probably produce an acquittal at a new trial." Petition at p. 6a. Respondent argues that, absent allegations of accompanying constitutional violations, this claim is not entitled to habeas review; Respondent further argues that, in any event, Petitioner fails to make a sufficient showing of actual innocence.

In the Report and Recommendation, the Magistrate Judge discussed in detail the legal standard governing federal habeas review. She correctly concluded that a claim of actual innocence is not an independent basis for habeas relief. *See Herrera v. Collins*, 506 U.S. 390, 400 (1993). Applying the rule set forth in *Herrera,* including the exception applicable to capital cases, the Magistrate Judge concluded that Petitioner's freestanding claim of actual innocence does not warrant habeas relief.

She also discussed in detail the evidence proffered by Petitioner and concluded that, even if his claim were cognizable in a federal habeas action, he cannot make the "extraordinarily high" showing required by *Herrera. See* 506 U.S. at 417.

The Court concludes that the Magistrate Judge carefully and accurately discussed the governing law and its application to Petitioner's claim in light of the evidence and the state court record, at trial and on appeal, in this case. The Court need not repeat that discussion, and adopts it as though fully set forth herein.

In the Report and Recommendation, the Magistrate Judge also addressed Petitioner's repeated requests for an evidentiary hearing. After fully considering the established law related to evidentiary hearings in federal habeas cases in light of the record in this case, she concluded that Petitioner is not entitled to an evidentiary hearing in this case. The Court agrees with that conclusion.

In his objection to the Report and Recommendation, Petitioner repeats his arguments regarding newly discovered evidence. He attempts to avoid the denial of his habeas request by stating that he asserts a violation of his Fourteenth Amendment rights. However, his argument is conclusory, and he fails to explain how his rights were violated; he offers no legal authority to support his contention.

Accordingly, having reviewed the matter *de novo*, the Court concludes that the Report and Recommendation [Doc. No. 20] should be, and is, adopted as though fully set forth herein. The Petition is DENIED.

IT IS SO ORDERED this  31st  day of August, 2009.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE